**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-03733

SHENZHEN PEISHI ADVERTISING MEDIA CO., LTD,

Plaintiff,

v.

BUFEEKE INC. d/b/a BIFEILAIKE;
and DOES 1-10,

Defendants.

---

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

---

Plaintiff Shenzhen Peishi Advertising Media Co., Ltd. ("Plaintiff") brings this action against Defendant BUFEEKE INC., a Colorado corporation doing business as BIFEILAIKE ("Defendant") and Does 1-10, individuals and entities working in conjunction with Defendant, for infringement of United States Patent No. 12,324,440 B1 and alleges as follows:

**THE PARTIES**

1. Plaintiff is a company organized under the laws of the People's Republic of China.

2. Plaintiff owns all right, title, and interest in United States Patent No. 12,324,440 B1, entitled "Automatic Smoker" (the "'440 Patent"), including the right to sue for infringement and recover damages for infringement occurring after Plaintiff acquired ownership. On August 22, 2025, the sole named inventor, Shaoyan Zheng, executed a written assignment transferring all right, title, and interest in the '440 Patent to Plaintiff. The assignment was recorded with the United States Patent and Trademark Office. A true and correct copy of the assignment is attached as **Exhibit 2**.

3. Defendant is a Colorado domestic profit corporation formed on December 23, 2025, and presently in good standing, with Colorado Entity ID No. 20258377746 and a listed principal office at 1500 N. Grant Street, Suite 7026, Denver, Colorado 80203.

4. Defendant operates and controls an Amazon.com seller account under the store name BIFEILAIKE and Amazon Seller ID A2EB44SG50OJB4 (the "Online Store"). The Online Store's current detailed seller information identifies its legal business name as BUFEEKE INC. and lists the same Denver, Colorado principal-office address. A true and correct copy of the relevant seller information is attached as **Exhibit 3**.

5. Defendant is believed to have previously operated this store under the name Chengdu Bifeikelai Trading Co. Ltd. with an address of Building 11, Unit 1, 32nd Floor, No. 39 Mudan Street, Jinjiang District, Chengdu, Sichuan Province, 601166, China.

6. Defendant may be served through its registered agent, Colorado Registered Agents Inc., 1500 N. Grant Street, Suite R, Denver, Colorado 80203.

**JURISDICTION AND VENUE**

7. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has original subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant because Defendant is incorporated under Colorado law and is therefore at home in Colorado. Defendant also identifies its principal office as being in Denver.

9. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant resides in this District within the meaning of the patent-venue statute: Defendant is incorporated in Colorado, and the District of Colorado is the federal judicial district encompassing Colorado.

**THE '440 PATENT**

10. The United States Patent and Trademark Office duly and legally issued the '440 Patent on June 10, 2025. A true and correct copy of the '440 Patent is attached as **Exhibit 1**.

11. The '440 Patent claims priority to September 14, 2024.

12. The '440 Patent is valid and enforceable and is entitled to the statutory presumption of validity under 35 U.S.C. § 282.

13. Plaintiff designs, sources, and markets automatic electronic cocktail-smoker products. Plaintiff sells a product that practices the '440 Patent through its own website and e-commerce store. An example of Plaintiff's product is shown below:




*Figure 1. Plaintiff's Automatic Smoker Product*

14. Claim 1 of the '440 Patent recites:

An automatic smoker comprising:

a smoker body;

a pipe having a combustion chamber, wherein an inner wall of the combustion chamber is defined with at least one smoke outlet port; and

a base, wherein the pipe is arranged between the smoker body and the base, the smoker body and the base are detachably assembled, and the smoker body and the base are configured to secure the pipe therebetween during assembly; and

wherein the smoker body comprises:

a casing comprising a housing and a bottom cover, wherein the housing has a mounting cavity, the bottom cover is connected to one side of the housing close to the base, and the bottom cover is defined with an air inlet hole;

a thermal insulation cover, arranged on one side of the bottom cover away from the housing and connected to the bottom cover, wherein the thermal insulation cover is configured to open or close the combustion chamber, and the thermal insulation cover is defined with an air inlet port; and

an automatic igniter, arranged in the mounting cavity and connected to the bottom cover, wherein the automatic igniter comprises an ignition needle, the ignition needle penetrates the bottom cover and is accommodated in the air inlet port, a gap is formed between the bottom cover and a side wall of the air inlet port, and the ignition needle extends into the combustion chamber and is configured to ignite a combustion medium within the combustion chamber.

**DEFENDANT'S INFRINGING CONDUCT**

15. Defendant has used the Online Store to advertise, offer for sale, and sell an ANITEHI-branded automatic smoker identified by Amazon Standard Identification Number (ASIN) B0FNWTG65J. Defendant markets the product as an "Electric Whiskey Cocktail Smoker Kit" that is rechargeable and with a built-in lighter (the "Accused Product").

16. Defendant offers the Accused Product through Amazon.com to consumers throughout the United States, including Colorado, accepts payment in United States dollars, and uses Amazon's fulfillment services to complete sales.

17. Plaintiff, through counsel, purchased the Accused Product from Defendant's Online Store. The purchased product was received, disassembled, and inspected. Photographs of the purchased Accused Product and information identifying Defendant's listing are attached as **Exhibit 3**.

18. Inspection confirms that the Accused Product is an automatic smoker containing a smoker body, a removable pipe with a combustion chamber and smoke outlet ports, and a removable base. The pipe is positioned between the smoker body and the base and is secured between those components when the Accused Product is assembled.

19. Based on Plaintiff's inspection and infringement analysis, and on information and belief, the Accused Product's smoker body includes a casing formed by a housing and bottom cover, a mounting cavity, and air-inlet openings. It also includes a thermal-insulation cover connected on the combustion-chamber side of the bottom cover and configured to open and close the combustion chamber.

20. Based on Plaintiff's inspection and infringement analysis, and on information and belief, the Accused Product's rechargeable built-in lighter includes an automatic igniter housed within the smoker body and an ignition element extending into the combustion chamber to ignite wood chips or other combustion media placed within the chamber. The Accused Product's structure is consistent with the arrangement of the automatic igniter and ignition needle recited in Claim 1 of the '440 Patent.

21. Accordingly, the Accused Product includes every limitation of at least Claim 1 of the ’440 Patent.

22. Plaintiff has not authorized or licensed Defendant to make, use, offer for sale, sell, or import any product practicing the '440 Patent.

23. On information and belief, Defendant has offered for sale and sold the Accused Product and has caused Amazon and others to distribute the Accused Product to Defendant's customers.

24. Defendant's sales of the Accused Product compete with Plaintiff's products and have caused and continue to cause Plaintiff monetary injury, lost sales, price erosion, loss of market share, and injury to Plaintiff's right to exclude others from practicing the patented invention.

25. Defendant will receive actual notice of the '440 Patent and Plaintiff's infringement allegations no later than service of this Complaint. If Defendant continues infringing after receiving notice, that conduct will be knowing, and Plaintiff reserves the right to seek enhanced damages to the extent supported by evidence of willful or egregious infringement.

26. Unless enjoined, Defendant's infringing conduct will cause Plaintiff continuing injury for which remedies at law are inadequate.

**COUNT I**

**DIRECT PATENT INFRINGEMENT (35 U.S.C. § 271(a))**

27. Plaintiff incorporates Paragraphs 1 through 25 as if fully set forth here.

28. Upon information and belief, one or more individuals or entities, identified as Does 1-10, act together with Defendant in performing the infringing acts.

29. Defendant has directly infringed and continues to directly infringe at least Claim 1 of the '440 Patent under 35 U.S.C. § 271(a) by, without authority, offering for sale, selling, and/or using the Accused Product within the United States.

30. The Accused Product, on information and belief, literally contains each limitation of Claim 1 of the '440 Patent, including the limitations identified in Paragraphs 17 through 19.

31. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and continues to suffer damages in an amount to be determined, and Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283 because Defendant's infringement has caused and threatens continuing irreparable harm for which Plaintiff has no adequate remedy at law.

32. Plaintiff further seeks enhanced damages to the extent the evidence establishes willful or egregious infringement, and an award of attorneys' fees to the extent warranted by the evidence and applicable law under 35 U.S.C. §§ 284 and 285.

**COUNT II**

**INDUCED PATENT INFRINGEMENT (35 U.S.C. § 271(b))**

33. Plaintiff incorporates Paragraphs 1 through 25 as if fully set forth here.

34. Upon information and belief, one or more individuals or entities, identified as Does 1-10, act together with Defendant in performing the infringing acts.

35. Defendant has directly infringed and continues to directly infringe at least Claim 1 of the '440 Patent under 35 U.S.C. § 271(a) by, without authority, offering for sale, selling, and/or using the Accused Product within the United States.

36. The Accused Product, on information and belief, literally contains each limitation of Claim 1 of the '440 Patent, including the limitations identified in Paragraphs 17 through 19.

37. Upon information and belief, at least one of Does 1-10 manufactured and/or sold to Defendant the Accused Products that Defendant imported, used, sold, and offered for sale in the United States

38. Upon information and belief, at least one of Does 1-10 actively, knowingly, and intentionally induce infringement of the ’440 Patent by making, using, selling, offering for sale, importing, and/or otherwise supplying products and/or services including the Accused Products to Defendant and other third parties, with the knowledge and specific intent that Defendant and such third parties will use, sell, offer for sale, and/or import, products and/or services supplied by Does 1-10, including without limitation the Accused Products, to directly infringe the ’440 Patent

39. Upon information and belief, Defendant and at least one of Does 1-10 encourage, instruct, enable and otherwise aid and abet third parties to use the Accused Products in a manner that directly infringes the ’440 Patent.

40. Upon information and belief, Does 1-10 specifically intend that Defendant, its other customers, and/or users use the Accused Products in such a way that directly infringes the ’440 Patent by, at a minimum, advertising, enticing, encouraging, instructing, and aiding and abetting Defendant, its customers, and/or users, through the publication and dissemination of marketing materials, detailed operational manuals, Internet sites, and/or technical assistance related to the Accused Products, to use, sell, offer for sale, and/or import, products and/or services supplied by Defendant, including the Accused Products, to directly infringe the ’440 Patent.

41. Upon information and belief, Defendant and Does 1-10 knew and know that their actions in relation to the Accused Products, would induce, have induced, and continues to induce

direct infringement of the ’440 Patent by third parties, including but not limited to Defendant’s customers and/or users of the Accused Products.

42. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and continues to suffer damages in an amount to be determined, and Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283 because Defendant's infringement has caused and threatens continuing irreparable harm for which Plaintiff has no adequate remedy at law.

43. Plaintiff further seeks enhanced damages to the extent the evidence establishes willful or egregious infringement, and an award of attorneys' fees to the extent warranted by the evidence and applicable law under 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant as follows:

A. A judgment that Defendant and Does 1-10 have directly infringed at least Claim 1 of the '440 Patent in violation of 35 U.S.C. § 271(a);

B. A judgment that Defendant and Does 1-10 have induced infringement of at least Claim 1 of the '440 Patent in violation of 35 U.S.C. § 271(b);

C. A permanent injunction enjoining Defendant and Does 1-10 along with their officers, agents, servants, employees, attorneys, successors, affiliates, and all persons in active concert or participation with any of them who receive actual notice of the injunction from infringing the '440 Patent;

D. An award of damages adequate to compensate Plaintiff for Defendant's infringement, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. An accounting and award of supplemental damages for infringing activity not included in the damages presented at trial;

F. Enhanced damages under 35 U.S.C. § 284 to the extent warranted by the evidence;

G. A determination that this case is exceptional and an award of Plaintiff's reasonable attorneys' fees under 35 U.S.C. § 285, to the extent warranted;

H. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: August 14, 2026

Respectfully submitted,

By: */s/ William R. Brees*
William R. Brees (FL Bar No. 98886)
william@bayramoglu-legal.com
Nihat Deniz Bayramoglu (NV Bar No. 14030)
deniz@bayramoglu-legal.com
Robert Aycock (UT Bar No. 8878)
robert@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
Tel: (702) 462–5973
*Counsel for Plaintiff*